# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JESSICA SPENCER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF SHERYL RICCO AND JOSEPH RICCO;<br>*Plaintiff*<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, CLASSIC H MIDLAND, INC.,<br>*Defendants* | MO:25-CV-00171-DC |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Ronald C. Griffin concerning Plaintiffs' Motion for Leave to File Amended Complaint[1] and Motion to Remand.[2] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, U.S. Magistrate Judge Griffin issued his report and recommendation on September 22, 2025.[3] Defendants Hyundai Motor America ("HMA") and Classic H. Midland ("Classic") object only to the Magistrate Judge's recommendation to Grant Plaintiffs' Motion for Leave to Amend.[4]

The Court, having reviewed the Report and Recommendation for Plaintiffs' Motion to Remand for clear error and having reviewed Plaintiffs' Motion for Leave to File Amended

---

[1] Doc. 15.
[2] Doc. 16.
[3] Doc. 23.
[4] Docs. 24, 25.

Complaint de novo, arrives at the same conclusion as the U.S. Magistrate Judge concerning these motions. As such, the Court **ADOPTS** the report and recommendation.

Plaintiffs' Motion to Remand is **DENIED**, but Plaintiffs' Motion for Leave to File Amended Complaint is **GRANTED**. Pursuant to 28 U.S.C. § 1447(e), granting joinder of a party that will destroy diversity requires this Court to **REMAND** this case to the 385th District Court, Midland County, Texas.

## FACTUAL BACKGROUND

Sheryl Ricco sustained fatal injuries from a rear-end collision in her 2017 Hyundai Sonata. Plaintiffs, Joseph Ricco and Jessica Spencer in her capacity as the representative of Sheryl Ricco's estate, filed suit against Defendants Hyundai Motor America ("HMA") and Classic H. Midland, Inc. ("Classic") on March 6, 2025, in the 385th Judicial District Court, Midland County, Texas. Plaintiffs brought suit against both defendants for: (1) products liability, with theories of design defect, manufacturing defect, and marketing defect; (2) strict liability; (3) negligence; and (4) gross negligence.[5]

On April 17, 2025, Defendants removed this action to federal court on the basis of diversity jurisdiction on a theory of improper joinder of Classic. Defendants each filed motions to dismiss under Rule 12(b)(6).[6]

On May 19, 2025, Plaintiffs filed a Motion for Leave to File Amended Complaint and a Motion to Remand.[7] Plaintiffs, seeking leave to amend, desire to add an additional non-diverse defendant ("Driver") and provide additional facts to support their claims. After the

---

[5] Doc. 1.
[6] Doc. 1.
[7] Docs. 15, 16.

motion was fully briefed, U.S. Magistrate Judge Griffin entered a report and recommendation on both motions on September 22, 2025.[8] Both Defendants objected to the report and recommendation, thereby triggering de novo review of the motions.

## **LEGAL STANDARD**

### I. Review of Report and Recommendation

28 U.S.C. § 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[9]

### II. Motion for Leave to File Amended Complaint to Add a Non-Diverse Defendant

Motions for leave to amend should be "freely granted" when "justice so requires."[10] However, if the party seeking amendment would add a non-diverse party, the Court must "scrutinize [the] amendment . . . more closely than an ordinary amendment under Rule 15(a)."[11] Recognizing that rigid, brightline rules are ill-equipped to resolve such conflicts, the Fifth Circuit instructs the district courts to rely on their sound discretion when ruling on motions to amend that would add a non-diverse party.[12] Guiding such discretion, *Hensgens v.*

---

[8] Docs. 24, 25.
[9] Fed. R. Civ. P. 72 advisory committee's note.
[10] Fed. R. Civ. Pro. 15 (a)(2).
[11] *Short v. Ford Motor Co.*, No. 93–8626, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994) (per curiam) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).
[12] *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) ("Thus, the fraudulent joinder doctrine can be yet another element of the district court's 'flexible, broad discretionary approach' to

*Deere & Co.* outlines four factors for district courts to consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factor that weighs on the equities.[13] These factors will guide the Court to one of two possible outcomes: the Court may deny the joinder, or the Court may permit joinder but then must remand the action to state court.[14]

## ANALYSIS

### I. Motion to Remand

The Court reviews the Magistrate Judge's report and recommendation for clear error when no objections are timely filed. Here, the Magistrate Judge recommended that the Motion to Remand be denied. Defendants specifically state that their objections to the report and recommendation are solely aimed at the motion for leave to file amended complaint and not the motion to remand. Plaintiffs did not object. Therefore, the Court need only review the report and recommendation on the Motion to Remand for clear error. Having done so and found no clear error, the Court adopts the Magistrate Judge's recommendation to deny Plaintiffs' Motion to Remand.

---

resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(e).").
[13] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)
[14] 28 U.S.C. § 1447(e).

4

II. **De Novo Review of Plaintiffs' Motion for Leave to File Amended Complaint**

Turning now to Plaintiffs' Motion for Leave to File Amended Complaint, de novo review is required. Defendants objected to the Magistrate Judge's recommendation to grant Plaintiffs' Motion for Leave to File Amended Complaint. Therefore, the Court will engage in de novo review. Because Plaintiffs seek to file an amended complaint that would add a non-diverse party ("Driver"), the Court must apply the *Hensgens* factors to determine whether Plaintiffs' purpose in seeking amendment is to defeat diversity, whether the Plaintiffs were dilatory in filing their motion, and whether Plaintiffs will be prejudiced if the motion is denied. The Court will also consider any other factor weighing on the equities.

   a. **Factor 1: The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction.**

The purpose of the amendment is contextually derived, analyzing the contents of the amendment but also the environment surrounding the motion for leave to amend. Specifically, courts weigh three subfactors to determine the purpose of the amendment: (1) whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court suit was filed; (2) whether the plaintiff states a valid claim against the non-diverse defendant; and (3) the timing of the amendment.[15]

It is undisputed that Plaintiffs knew the identity of the non-diverse defendant.[16] Prior to seeking leave to amend the complaint, Plaintiffs were engaged in settlement discussions

---

[15] *Agyei v. Endurance Power Prod., Inc.*, 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016)
[16] Doc. 15.

5

with the non-diverse party, which were unsuccessful.[17] There is little doubt that this subfactor weighs against the amendment. Defendant argues that Plaintiffs' motion for leave to amend admits that the joinder of Driver to this action defeats diversity is an admission of their purpose to defeat diversity jurisdiction.[18] Addressing these statements, this Court arrives at the same conclusion as the Magistrate Judge: Plaintiffs are simply acknowledging a fact rather than stating their intent. There is nothing in the context of the motion to suggest anything to the contrary.

It is further undisputed that Plaintiffs have a valid claim against the non-diverse defendant. The underlying actual basis of this case is a fatal automobile collision in which decedent was struck from behind by Driver. Plaintiffs now seek to add Driver to the complaint under a negligence cause of action for failure to operate a vehicle in a safe manner.[19] Importantly, **"[w]**hen a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into the litigation is to destroy diversity jurisdiction."[20] Plaintiffs' valid claim for negligence against Driver prompts this Court to find that this subfactor weighs heavily in favor of amendment.

Finally, the Court must assess the timing of the amendment. Under this subfactor, the Court looks less to the length of time between the original complaint or removal and the amendment—such considerations are relevant to the second *Hensgens* factor—but rather the

---

[17] *Id.*
[18] Doc. 17 ("their Motion for Leave states 'Plaintiffs now seek to join Ms. Rasband to this suit, which joinder destroys diversity jurisdiction independent of any improper joinder allegations against Classic H Midland, Inc.'").
[19] Doc. 15.
[20] *Agyei*, 198 F. Supp. 3d at 771 (quoting *Lowe v. Singh*, No. H–10–1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (Werlein, J.) (emphasis in original)).

Court must look at the "sequence of events" of the case.[21] Moving to amend shortly after removal can be evidence of a purpose to defeat diversity jurisdiction, particularly when discovery has yet to occur.[22] The motion in the present case fits squarely within that sequence of events. The case is still in the pleading stage and thus the third subfactor weighs against amendment.

However, the Fifth Circuit suggested in *Tillman v. CSX Transportation, Inc. & Marler L. Bennett,* and many courts have since reinforced*,* it is unlikely that the primary purpose of the amendment is to defeat diversity jurisdiction when the plaintiffs assert a valid claim against the non-diverse defendant, even in cases where the other subfactors weigh against amendment.[23] This Court finds, as other courts have found, that the inference derived from a validly asserted claim against a non-diverse defendant is not so easily outweighed by the timing of the motion or Plaintiffs' knowledge of the non-diverse party. Generally, "so long

---

[21] *WNWSR, LLC v. Chesapeake Energy Corp.*, No. CV 15-1860, 2015 WL 7357840, at *3 n.4 (S.D. Tex. Nov. 19, 2015).
[22] *Gallegos v. Safeco Ins.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).
[23] *Cf. Tillman v. CSX Transp., Inc.*, 929 F.2d 1023 (5th Cir. 1991) (noting that "the plaintiff had a valid cause of action against the DOTD, so the principal purpose of the amendment was not to defeat federal jurisdiction."); *Tujague v. Atmos Energy Corp.*, No. CIV.A. 05-2733, 2008 WL 489556 at * 4 (E.D. La. Feb. 20, 2008) (finding that despite the motion to amend being late, "there has been no suggestion that the Plaintiff's joinder of B & K as a direct defendant is fraudulent or that Plaintiff has no cause of action against it."); *McNeel v. Kemper Cas. Ins. Co.*, 2004 U.S. 13887, at *7-8 (N.D. Tex. July 21, 2004) (finding that where the plaintiff states a viable claim against the defendant, "it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction."); *Tapia v. Union Pac. R.R. Co.*, No. CV H-23-0042, 2024 WL 1771233 (S.D. Tex. Apr. 23, 2024) ("The court is persuaded that any inference from the amendment's timing is outweighed by Plaintiffs' ability to allege a plausible claim against the Conservancy."); *Richardson v. Home Point Fin. Corp.*, No. SA-18-CV-1017-XR, 2018 WL 7341748 (W.D. Tex. Dec. 12, 2018) (finding that plaintiff's primary purpose was likely not to defeat jurisdiction since they had a valid claim despite knowing of the non-diverse defendant at the time of filing and moving to amend shortly after removal.").

7

as the plaintiff can state a colorable claim against the new defendant, courts have found the first factor satisfied."[24] As such, this Court finds, on balance, that the first *Hensgens* factor only slightly favors Plaintiffs.

### b. Factor 2: Whether Plaintiffs have been Dilatory in Asking for the Amendment.

Unlike the first *Hensgens* factor, the second factor considers procedural posture of the case and the "amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal" are considered in determining whether a plaintiff has been dilatory in asking for amendment.[25]

Considering the second factor, "delay alone is an insufficient basis for denial of leave to amend:[t]he delay must be undue, i.e., it must prejudice the non[-]moving party or impose unwarranted burdens on the court."[26] Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint "when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred."[27] Because delay alone is not sufficient, there is no set time at which a plaintiff automatically becomes dilatory. Such

---

[24] *Dargan v. Bridgestone Retail Operations, LLC*, No. 5:17-CV-470-DAE, 2018 WL 8546112 at *3 (W.D. Tex. Mar. 13, 2018) (citing *Tillman v. CSZ Transp., **Inc.**,* 929 F.2d 1023, 1029 (5th Cir. 1991); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999); *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 716–17 (W.D. Tex. 2014)).
[25] *Murphy v. Sterline Jewelers Inc.*, No. 5:17–CV–662–DAE, 2018 WL 7297905, at *7 (W.D. Tex. Feb. 13, 2018).
[26] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) (quoting *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)).
[27] *Arthur v. Stern*, No. CIV.A. H-07-3742, 2008 WL 2620116 at *5 (S.D. Tex. June 26, 2008) (quoting *Herzog v. Johns Manville Products Corp.*, No. Civ. A. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov.15, 2002)).

determinations are case-specific, factual determinations and any attempt to establish a brightline rule would be futile.[28]

Plaintiffs filed the original petition in Texas state court on March 6, 2025. The defense removed the case to federal court on April 17, 2025, and subsequently filed motions to dismiss on May 1, 2025. Since May 1, 2025, there has been no significant activity in this case other than the present motion for leave to amend filed by Plaintiffs on May 19, 2025. To date, no trial or pre-trial dates have been scheduled.

Plaintiffs' present motion arises two and a half months after the original state court complaint and thirty-two days after the notice of removal. The defense argues that the fact that Plaintiffs delayed two and a half months is sufficient to find that Plaintiffs were dilatory. This Court disagrees. There is much dispute as to when in the life of a case a plaintiff becomes dilatory. While there are cases, as the defense observes, in which a delay of two months where the plaintiff has knowledge of the non-diverse party was found dilatory, there are also cases where a delay of three to six months was found not to be dilatory. There is no brightline and this Court will not establish one. Here, the Court finds it significant that, despite Plaintiffs' knowledge of the non-diverse party, the case is still in the pleading stage and no trial or pre-trial dates have been scheduled. It is still very early in the case, no significant activity has occurred, and the Court does not find that Plaintiffs' delay in seeking amendment was undue. The second *Hensgens* factor weighs in favor of Plaintiffs.

### c. Factor 3: Whether the Plaintiffs will be Significantly Injured if the Amendment is Not Allowed.

The final *Hensgens* factor focuses on whether the plaintiff will be significantly injured if the amendment is not allowed. This factor is further subdivided into three subfactors: (1) whether the already named diverse defendants would be unable to satisfy a future judgment; (2) whether the plaintiff could recover against the proposed non-diverse defendant; and (3) the possibility of a separate state court proceeding.[29]

The Parties do not dispute that the first subfactor weighs against amendment. There is no evidence to suggest that Defendants would be unable to satisfy a future judgment. However, as the Court discussed in the first *Hensgens* factor, Plaintiffs assert a valid claim against Driver and could recover against Driver in that action, thereby favoring amendment. Moreover, since the Magistrate Judge's report and recommendation, the statute of limitations for Plaintiffs' claim against Driver has since expired.[30] Should this motion be denied, Plaintiffs will likely be barred from recovering against Driver. Plaintiffs' only recourse against Driver is through this motion to amend the complaint, which this Court has already found to be timely. Further acknowledging that Plaintiffs were not dilatory in filing the motion and the motion was filed prior to the expiration of the statute of limitations, the Court finds that Plaintiffs would be prejudiced should this motion be denied. The final *Hensgens* factor weighs in favor of Plaintiffs.

No other equitable factors are present in this case. Therefore, the Court concludes that all three of the applicable *Hensgens* factors favor amendment. Because Plaintiffs'

---

[29] *Gallegos v. Safeco Ins.*, No. H-09-2777, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009).
[30] The statute of limitations had not yet expired at the time Plaintiffs filed their motion for leave to amend.

principal purpose appears not to be to defeat diversity jurisdiction, Plaintiffs were not dilatory in seeking the amendment, and the Plaintiffs will be prejudiced if the motion is denied, the Court arrives at the same conclusion as the Magistrate Judge. Therefore, the report and recommendation is adopted in full, following a de novo review of the motion, and Plaintiffs' motion for leave to file amended complaint is granted.

The addition of the non-diverse defendant destroys complete diversity and the Court's jurisdiction of it. Pursuant to 28 U.S.C. § 1447(e), the Court must remand the case to the 385th District Court, Midland County, Texas.

## CONCLUSION

The Court **ORDERS that** the Report and Recommendation[31] of the United States Magistrate Judge is **ADOPTED.** Accordingly, Plaintiffs' Motion to Remand[32] is **DENIED**, but Plaintiffs' Motion for Leave to File Amended Complaint[33] is **GRANTED**. Pursuant to 28 U.S.C. § 1447(e), this case is **REMANDED** to the 385th District Court, Midland County, Texas.

It is **FURTHER ORDERED** that any motions are **DENIED AS MOOT.**

It is so **ORDERED**.

SIGNED this 20th day of November, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[31] Doc. 23.
[32] Doc. 16.
[33] Doc. 15.