IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JESSICA SPENCER INDIVIDUALLY § <br> AND AS REPRESENTATIVE OF § <br> THE ESTATE OF SHERYL RICCO § <br> AND JOSEPH RICCO, § <br>     *Plaintiffs*, § <br> § <br> v. § <br> § <br> HYUNDAI MOTOR AMERICA, § <br> CLASSIC H MIDLAND, INC., § <br> AND KISHA DEON RASBAND, § <br>     *Defendants*. § | CIVIL ACTION NO. 7:25-cv-171-DC-RCG |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

    **COME NOW**, **JESSICA SPENCER**, Individually and as Representative of The Estate of Sheryl Ricco and **JOSEPH RICCO** (hereinafter "Plaintiffs") and file this Plaintiffs' First Amended Complaint, complaining of the acts and omissions of Defendants, **HYUNDAI MOTOR AMERICA** and **CLASSIC H MIDLAND, INC., and KISHA DEON RASBAND** (hereinafter collectively "Defendants") and for cause of action would respectfully show unto the Court as follows:

### I.    PARTIES

    2.1    Plaintiff, Jessica Spencer is an individual who resides in Maricopa County, Arizona. Jessica Spencer is the natural daughter of Sheryl Ricco, decedent.

    2.2    Plaintiff, Joseph Ricco is an individual who resides in Midland County, Texas. Joseph Ricco is the natural son of Sheryl Ricco, decedent.

2.3     Defendant **HYUNDAI MOTOR AMERICA** (hereinafter "Defendant Hyundai') is a foreign for-profit corporation doing a substantial amount of business in Texas. This Defendant may be served with process by serving its registered agent: Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701. Defendant Hyundai has appeared in this case.

2.4     Defendant **CLASSIC H MIDLAND, INC**. (hereinafter "Defendant Classic"), is a domestic for-profit corporation doing business in Texas. This Defendant may be served with process by serving its registered agent: Thomas R Durant, 1101 West State Highway 114 Grapevine, Texas 76051. Defendant Classic has appeared in this case.

2.5     Defendant **KISHA DEON RASBAND** is a resident of Ward County, Texas, residing at 3900 S. Ursila Drive, Monahans, Texas. **Citation is requested at this time.**

### III.     MISNOMER/ALTER EGO

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.     JURISDICTION AND VENUE

4.1     This case was removed from state court, where it was originally filed, alleging fraudulent joinder of a nondiverse defendant, Classic H Midland, Inc. Plaintiff has moved to remand the case, which was filed contemporaneously with Plaintiffs' Motion for Leave to Amend its Complaint. Plaintiffs now seek to join Ms. Rasband to this suit, which joinder destroys diversity jurisdiction independent of any improper joinder allegations against Classic H Midland, Inc.

## V.  FACTS

5.1     On June 29, 2023, Sheryl Ricco ("Decedent") was traveling Westbound along the 8700 block of State Highway 191 in a 2017 Hyundai Sonata. Decedent slowed the speed of her vehicle and put on her hazard lights in response to the stopped traffic ahead of her. At the same time, Kisha Rasband was traveling directly behind Plaintiff at a high rate of speed and was unable to come to a timely stop before violently colliding into the back of Decedent's vehicle. Due to the forces of the collision imparted to Mrs. Ricco in her vehicle, she succumbed to the injuries she sustained as a result of this incident and died at the scene. Plaintiffs, as the surviving children of Decedent, have incurred catastrophic and permanent damages in the premature death of their mother.



*Decedent's vehicle after the fatal collision*



*Front view of Decedent's vehicle after the fatal collision*

5.2     Upon information and belief, Decedent's 2017 Hyundai Sonata was defective when it left the control of Defendant Hyundai and was sold to them by Defendant Classic. Said defect substantially contributed to the damages suffered by Plaintiffs. The unreasonably dangerous condition of Decedent's defectively designed, marketed, and manufactured, Hyundai Sonata proximately caused the death of Sheryl Ricco. Specifically, the defective and/or faulty condition of Sheryl Ricco's vehicle caused Plaintiffs' damages related to crashworthiness. Mrs. Ricco upon purchasing the vehicle from Defendant Classic relied upon its 5-star rating of safety, including crashworthiness. However, despite having actual knowledge this safety rating did not include rear-impact collisions—and that the safety rating for such collisions was actually extremely poor—no one at Defendant Classic advised her that the safety rating was only for side and front collisions.

## VI.     CAUSES OF ACTION

**A. PRODUCTS LIABILITY - DESIGN DEFECT**

6.1     The subject 2017 Hyundai Sonata (hereinafter the "vehicle") was designed, manufactured, marketed, and constructed by Defendant Hyundai. Moreover, the subject vehicle was marketed and subsequently sold by Defendant Classic. At the time the vehicle was designed, manufactured, marketed, and/or constructed by Defendants, they were in the business of designing, manufacturing, marketing, constructing, and/or otherwise placing vehicles, such as the one in question, into the stream of commerce.

6.2     At the time the vehicle was designed, manufactured, marketed, and/or constructed by Defendants, the vehicle was defective in design and unreasonably dangerous, and Defendants had actual or constructive knowledge of its defective and dangerous condition. The defective and unreasonably dangerous condition of the vehicle in question was a direct and proximate cause of Sherly Ricco's death.

6.3     Safer alternative designs existed other than the ones used. These safer alternative designs were economically and technologically feasible and would have prevented or significantly reduced the risk of accident, injury, and/or death without substantially impairing the vehicle's utility. This specifically includes, but is not limited to, a more effective crash worthiness design that could have prevented Mrs. Ricco's death suffered upon the underlying collision in this case.

**B. PRODUCTS LIABILITY - MANUFACTURING DEFECT**

6.4     Further, the vehicle was manufactured and constructed by Defendant Hyundai. At the time the vehicle in question was manufactured, Defendant Hyundai was in the business of designing, manufacturing, marketing, constructing and/or placing vehicles, such as the one in question, into the stream of commerce.

6.5    Defects in the manufacture of the vehicle rendered it defective and unreasonably dangerous. The defective manufacture of the vehicle directly and proximately caused Sheryl Ricco's death.

### C. PRODUCTS LIABILITY - MARKETING DEFECT

6.6    Finally, the vehicle was marketed by both Defendants and sold by Defendant Classic. At the time the vehicle in question was sold, Defendant Hyundai and Defendant Classic were in the business of designing, manufacturing, marketing, constructing, and/or otherwise placing vehicles, such as the one in question, in the stream of commerce. Defendant Classic, despite not manufacturing or designing the vehicle, had actual knowledge of the crashworthiness of the vehicle and that rear impact collisions did not receive the same safety ratings as side or frontal impact collisions.

6.7    At the time the vehicle in question was marketed and/or sold by Defendants, it contained an inherent risk of harm which could arise from the intended or reasonably anticipated use. Specifically, but not limited to, its defective designs regarding crashworthiness and keeping occupants safe in similar vehicles during collisions. Defendant Hyundai and Defendant Classic knew or should have reasonably foreseen the risk of harm at the time the vehicle was marketed and sold to Mrs. Ricco. The absence of proper warnings and/or instructions rendered the vehicle unreasonably dangerous. Mrs. Ricco relied on the vehicle's 5-star safety rating when purchasing the vehicle, yet no one at Defendant Classic advised Mrs. Ricco that the safety rating did not apply to rear impact collisions. Such failure to warn and/or instruct directly and proximately caused Sheryl Ricco's death.

**D. STRICT LIABILITY**

6.8     The vehicle that Decedent was relying on at the time of the incident was designed, manufactured, marketed, and/or constructed by Defendants Hyundai and Classic. At the time the vehicle in question left the control of Defendants, Defendants were in the business of designing, manufacturing, marketing, constructing, and/or otherwise placing vehicles into the stream of commerce, including the subject vehicle in its defective condition which was the proximate cause and producing cause of the subject incident.

6.9     Due to the vehicles' defective design and manufacture, the vehicle was unreasonably dangerous in its design, operation, and use. The vehicle was defectively designed and manufactured by Defendant Hyundai. And the vehicle was defectively marketed by both Defendants. These defects were the direct, proximate, and producing cause of Sheryl Ricco's death. As such, Defendants should both be held strictly liable.

6.10    Defendants placed the defective vehicle into the stream of commerce and expected or could reasonably foresee the use of said vehicle by individuals, such as Decedent, in the condition in which the subject vehicle was designed, manufactured, marketed, and constructed.

6.11    The subject vehicle was designed, manufactured, marketed, and constructed so the defective condition was undiscoverable until such time as the accident occurred.

6.12    The defective condition of the vehicle was not observable by Decedent who relied on Defendants to design, test, manufacture, market, and construct the subject vehicle in a condition reasonably fit for use for the purposes intended.

6.13    As a direct, proximate and producing result of the failure of Defendants to properly design, test, manufacture, market, and construct the subject vehicle, Sheryl Ricco suffered life-ending injuries.

**E. NEGLIGENCE AS TO DEFENDANTS HYUNDAI AND CLASSIC**

6.14    Defendant Hyundai and Defendant Classic committed acts of omission and commission, which collectively and severally constituted negligence, and whose negligence proximately caused Sheryl Ricco's death and Plaintiffs' resulting damages.

6.15    Defendant Hyundai's and Defendant Classic's acts or omissions constituting negligence include:

a. failing to properly design the vehicle;

b. failing to properly manufacture the vehicle;

c. failing to properly market the vehicle;

d. failing to provide proper warnings regarding the vehicle's crashworthiness at the time of sale;

e. failing to advise Mrs. Ricco of the scope of the vehicle's safety rating;

f. failing to provide adequate safety equipment; and

g. failing to follow applicable government safety regulations.

6.16    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence and gross negligence which proximately caused the Incident made the basis of this suit, and Plaintiffs' injuries and damages pled herein, including the death of their mother, Sheryl Ricco.

**F. NEGLIGENCE AGAINST DEFENDANT RASBAND**

**6.17** Defendant Rasband committed the following acts and/or omissions, each of which was negligence and each of which was a proximate cause of the injuries and damages suffered by Plaintiffs herein:

a.  failing to operate her vehicle in a safe manner;

b.  failing to keep a proper lookout while operating her vehicle;

    c. failing to ensure a safe distance between her vehicle and Mrs. Ricco's vehicle in front of her;

    d. failing to apply her brakes in time before colliding with the back end of Mrs. Ricco's vehicle; and

    e. failing to maintain a proper speed, causing her to have insufficient time to slow her vehicle.

Each and all of the acts constitute negligence and each and all proximately caused Plaintiffs' injuries.

### F. GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

6.18    Defendant Hyundai and Defendant Classic committed gross negligence, which was a proximate cause of the fatal injuries to Decedent, and for which Plaintiffs are entitled to recover punitive damages. At the time the vehicle in question was designed, manufactured, marketed, and constructed by Defendant Hyundai, it was defective in design and unreasonably dangerous. Safer alternative designs existed other than the ones used, which were economically and technologically feasible and would have prevented or significantly reduced the risk of accident and/or injury. Failing to employ such designs, as well as failing to adequately market and test the vehicle, demonstrates a reckless, willful, wanton, heedless, and flagrant disregard for public safety.

6.19    Defendant Rasband also committed gross negligence, which was a proximate cause of the fatal injuries to Decedent, and for which Plaintiffs are entitled to recover punitive damages. At the time of the collision, Ms. Rasband was traveling at a high rate of speed, failed to see that Mrs. Ricco had slowed her speed and put on her emergency lights due to an emergency ahead, and slammed into the back of Mrs. Ricco's vehicle at full speed. The force of the collision was a proximate cause of Decedent's fatal injuries. Ms. Rasband's actions involved an extreme degree

of risk, concerning the probability and magnitude of potential harm to Decedent and others. Ms. Rasband had actual, subjective awareness of the risks of their conduct, but nevertheless proceeding with conscious indifference to the rights and welfare of Decedent and others.

### G. EXEMPLARY DAMAGES

6.20    Because Defendants are liable for gross negligence, punitive damages should be assessed against them as a deterrent to such future bad conduct and as a punishment for Defendants' bad acts, in an amount to be determined by the jury.

## VII.   SURVIVAL CLAIM

7.1    Mrs. Jessica Spencer is the surviving natural daughter of Sheryl Ricco.

7.2    Defendants' conduct is actionable because the death of Sheryl Ricco was caused by a wrongful act, including, but not limited to, Defendants' negligence and gross negligence detailed herein.

7.3    Further Jessica Spencer as the personal representative of the estate of Sheryl Ricco asserts a survival claim on behalf of Sheryl Ricco for the personal injuries, pain, suffering, and mental anguish Sheryl Ricco sustained as a result of the collision prior to her death.

## VIII.   WRONGFUL DEATH

8.1    Plaintiffs have each suffered substantial pecuniary losses both in the past and in the future. Indeed, Plaintiffs have suffered past and future pecuniary losses, including loss of advice of counsel, loss of services, loss of inheritance, and funeral and burial expenses. Plaintiffs have also suffered, in both the past and the future, mental anguish, loss of companionship and society, and loss of consortium. Plaintiffs seek all available wrongful death damages pursuant to Texas law as described above. The amount of damages which would fairly and reasonably compensate Plaintiffs is to be properly determined by a jury after consideration of all the evidence presented

at trial.

## IX.     PRESERVATION OF THE EVIDENCE

9.1     Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, 911 communications, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## X.     JURY TRIAL REQUESTED

10.1 Plaintiffs hereby request a jury trial of this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount the Court deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: /s/ Jonathan D. Sneed
Brant J. Stogner
Texas Bar No. 24038389
bstogner@awtxlaw.com
Jonathan D. Sneed
Texas Bar No. 24085594
jsneed@awtxlaw.com
Anita J. Creech
Texas Bar No. 24133433
acreech@awtxlaw.com
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827

and

Lauren S. Harbour
State Bar No. 24070649
lharbour@dpslawgroup.com
Thad D. Spalding
State Bar No. 00791708
tspalding@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
Telephone: (214) 946-8000
Facsimile: (214) 946-8433

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

        I hereby certify that on **May 19, 2025**, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

| | |
|---|---|
| Thomas M. Bullion III<br>tbullion@germer.com<br>GERMER BEAMAN & BROWN, PLLC<br>One Barton Skyway<br>1501 S. Mopac Expressway, Suite A400<br>Austin, Texas 78746<br>***Attorneys for Hyundai Motor America*** | J. Richard Harmon<br>rharmon@thompsoncoe.com<br>Craig Dupen<br>cdupen@thompsoncoe.com<br>THOMPSON, COE, COUSINS & IRONS, LLP<br>700 N. Pearl Street, 25th Floor<br>Dallas, TX 75201<br>***Attorneys For Defendant***<br>***Classic H Midland, Inc.*** |

                                                */s/ Lauren S. Harbour*
                                                **Lauren S. Harbour**